**JIA YONG ZHENG, Petitioner,**

v.

**Michael B. MUKASEY,[1] United States Attorney General, Respondent.**

No. 07–2357–ag.

United States Court of Appeals, Second Circuit.

Jan. 8, 2008.

David J. Rodkin, New York, NY, for Petitioner.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as a respondent in this case.

Peter D. Keisler, Assistant Attorney General, Civil Division; Ernesto H. Molina, Jr., Senior Litigation Counsel; Andrew C. Maclachlan, Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondents.

Present: JOHN M. WALKER, JR., GUIDO CALABRESI and PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED in part and DISMISSED in part.

Jia Yong Zheng, a native and citizen of the People's Republic of China, seeks review of a May 4, 2007 order of the BIA affirming the December 12, 2005 decision of Immigration Judge ("IJ") Steven R. Abrams, denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Jia Yong Zheng*, No. A98 482 055 (B.I.A. May 4, 2007), *aff'g* No. A98 482 055 (Immig. Ct. N.Y. City Dec. 12, 2005). We assume the parties' familiarity with the underlying facts and procedural history of this case.

When the BIA issues an opinion that fully adopts the IJ's decision, this Court reviews the IJ's decision. *See, e.g., Chun Gao v. Gonzales,* 424 F.3d 122, 124 (2d Cir.2005); *Secaida–Rosales v. INS,* 331 F.3d 297, 305 (2d Cir.2003). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dep't of Justice,* 494 F.3d 296, 305 (2d Cir.2007) (en

banc). The Court reviews de novo questions of law and the application of law to undisputed fact. *See, e.g., Secaida–Rosales,* 331 F.3d at 307.

In *Shi Liang Lin,* we held that the definition of "refugee" under 8 U.S.C. § 1101(a)(42) does not extend automatically to partners (legally related or otherwise) of individuals who have been forcibly sterilized or forced to have an abortion. 494 F.3d at 314. We noted, however, that an alien may establish eligibility for asylum by demonstrating past persecution based on his or her own "other resistance" to a coercive population control program or a well-founded fear that he or she will be subjected to persecution for such "resistance." *Id.* (citing 8 U.S.C. § 1101(a)(42)). Zheng concedes that *Shi Liang Lin* forecloses his eligibility for asylum based on his wife's alleged forced abortion and argues that his actions constituted "other resistance" to China's family planning policy. The Government argues, however, that Zheng did not exhaust this argument before the agency.

We require that petitioners raise to the BIA the specific issues they later raise before us, a requirement we have described as "mandatory." *See Foster v. INS,* 376 F.3d 75, 78 (2d Cir.2004); *see also Lin Zhong v. U.S. Dep't of Justice,* 480 F.3d 104, 119–20 (2d Cir.2007). However, we have also held that a petitioner is not limited to the "exact contours" of his or her argument to the agency. *Gill v. INS,* 420 F.3d 82, 85–86 (2d Cir.2005). We have further held that Section 1252(d)(1) does not prevent us from considering "specific, subsidiary legal arguments, or arguments by extension," even if those arguments were not presented below. *Id.; see Restrepo v. McElroy,* 369 F.3d 627, 633 n. 10 (2d Cir.2004); *Drax v. Reno,* 338 F.3d 98, 112 n. 19 (2d Cir.2003). In determining which arguments constitute "issues,"

which must be exhausted, and which constitute "subsidiary arguments," which do not, we examine whether an unexhausted argument "constitutes a ground, in and of itself, on which an IJ's denial of [relief] may be based[.]" *See Steevenez v. Gonzales*, 476 F.3d 114, 117–18 (2d Cir.2007).

■ Here, we find that Zheng's argument is subsidiary because the same facts he alleged before the agency regarding his wife's alleged forced abortion also established his "other resistance" to the Chinese family planning policy. This Court has noted that its past decisions "not to interpret § 1252(d)(1) to require complete conformity between an alien's argument below and on appeal make[ ] particular sense given that immigration law has undergone rapid changes in recent years and given the fundamental interests at stake." *Gill*, 420 F.3d at 82–83 (referencing *Restrepo*, 369 F.3d 627, and *Drax*, 338 F.3d 98). However, we find that Zheng's allegation that he "asked his wife to remove the IUD so that he could have more children and it was his idea that the family go into hiding," even if taken as true, does not constitute "other resistance to a coercive population control program." *Shi Liang Lin*, 494 F.3d at 309–10 (quoting 8 U.S.C. § 1101(a)(42)).

■ Because Zheng does not qualify for asylum as a matter of law under *Shi Liang Lin*, this Court need not address his challenge to the IJ's adverse credibility finding. Moreover, because Zheng was unable to show the objective likelihood of persecution needed to make out an asylum claim based on his own resistance to a coercive family planning policy, he was necessarily unable to meet the higher standard required to succeed on his claim for withholding of removal, which rested on the same factual predicate. *See Paul v. Gon-*

zales, 444 F.3d 148, 156 (2d Cir.2006). Lastly, because Zheng failed to challenge the denial of his CAT claim in his brief to this Court, we deem any such argument waived, and thus dismiss that portion of his petition to this Court. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 n. 7 (2d Cir.2005) (emphasizing that issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal).

For the foregoing reasons, the petition for review is DENIED in part and DISMISSED in part. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).